506 So.2d 941 (1987)
Cecil N. COLWELL, et al.
v.
STATE of Louisiana, Through the OFFICE OF the ATTORNEY GENERAL OF LOUISIANA, DEPARTMENT OF JUSTICE, et al.
No. CA 86 0041.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Writ Denied June 19, 1987.
*942 John E. Morton, Alexandria, for plaintiffs-appellants.
William C. Toadvin, Baton Rouge, for defendants-appellees.
Before LOTTINGER, EDWARDS, SHORTESS, CARTER and ALFORD, JJ.
LOTTINGER, Judge.
This is an action for a declaratory judgment by Cecil N. Colwell, Jo Ann Buckner Colwell, and other similarly situated individuals for declaration of their rights as peace officers under La.R.S. 28:430-433,[1] as against the State of Louisiana and others (State).[2] From a judgment in favor of the defendants, plaintiffs have appealed.

FACTS
The plaintiffs filed this action for declaratory judgment in July, 1983. Plaintiffs are administrators and peace officers of Louisiana's residential facilities for the mentally retarded, under the Department of Health and Human Resources, and their *943 spouses. While the employees are members of the Louisiana State Employees' Retirement System, the spouses are not members. Plaintiffs are not duly commissioned officers of the Louisiana State Police and were denied membership to its retirement system.
Plaintiffs sought a declaration of their rights under La.R.S. 28:428, et seq., as to all the benefits and protections of a peace officer. They desire not only retirement benefits provided to the state's law enforcement officers, but also a declaratory judgment for the appropriate access to those other benefits for such personnel.
Defendants argue that La.R.S. 28:432 only designated the plaintiffs as peace officers for those benefits under La.R.S. 33:2201, et seq. The State contends that plaintiffs are state employees and not entitled to benefits from the State Police retirement for two reasons. The first is that plaintiff did not meet the requirements of its membership, and second, that plaintiffs did not have credit from a previous participation in a retirement system.

TRIAL COURT
The trial court, in written reasons for judgment, denied plaintiffs both the access to and benefits sought by them.
The trial court found plaintiffs did not qualify for benefits under La.R.S. 17:1681.1, free college education to the offspring of law enforcement personnel killed or permanently disabled in performance of their duties. Also, the plaintiffs were precluded from those benefits under La.R.S. 33:2236, involving parish and municipal pension and relief funds, because the statute's purpose was to compensate municipal police officers and deputy sheriffs. The trial court also determined that since plaintiffs were state employees they failed to meet the membership requirements to derive benefits under the Louisiana State Police Retirement System.
The court relied upon Groves v. Board of Trustees of the Teachers' Retirement System of Louisiana, 324 So.2d 587 (La.App. 1st Cir.1975), writ ref., 326 So.2d 378 (La. 1976), to vitiate plaintiffs' contention that one need not be a member of the State Police Retirement System to be entitled to its benefits. The trial court read this court's ruling in Groves as a recognition of the legislature's enactment to grant "free service credit" (emphasis by the trial court) to the plaintiff in that matter. The trial court did not find such a grant in the language of La.R.S. 28:433. For the plaintiffs to receive a system's benefits, the trial court held that membership and accompanying service credits must be either granted free by the Legislature, purchased when authorized by law, or earned through contribution. The plaintiffs did not meet any of those methods. Thus, plaintiffs were precluded from the State Police Retirement System's benefits.

ASSIGNMENT OF ERRORS
In appealing, plaintiffs contend the trial court erred in: (1) ruling that membership and its accrual of service credits are essential to receive the benefits of a particular retirement system, whether granted free by legislative edict, purchased when authorized by law, or earned through contribution; (2) its interpretation of La.R.S. 28:431-33; (3) ignoring uncontradicted facts as to the intent of La.R.S. 28:431-33; and (4) failing to address plaintiff's alternative claims under La.R.S. 42:571(D).

I
In cases involving statutory interpretation well established rules as well as Louisiana's Civil Code dictate that "[w]hen a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit," La.Civ.Code art. 13; that "words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words," La.Civ.Code art. 14; that "[t]erms of art or technical terms and phrases, are to be interpreted according to their received meaning and acceptation with the learned in the art, trade, or profession to which they refer," La.Civ.Code art. 15; *944 that "[w]here the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning," La.Civ.Code art. 16; that "[l]aws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another," La.Civ.Code art. 17; that "[t]he universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it," La.Civ.Code art. 18; that the paramount consideration is the ascertainment of the legislative intent; that the legislature is presumed to have enacted the statute with deliberation and with full knowledge of all existing constitutional provisions and laws on the same subject; and that if it is possible to do so, every part of a statute must be given effect, for the legislature is not presumed to insert superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments.

II
La.R.S. 28:432 establishes that "facility administrators of state residential facilities, the acting and assistant facility administrators, and those employees of these facilities whom the facility administrator deputizes, shall be peace officers...." (emphasis added). Thus, by legislative decree, the plaintiff-employees are peace officers.

III
The section which caused the institution of this suit is La.R.S. 28:433 which provides:
The facility administrators of state residential facilities, the acting and assistant facility administrators, and those employees of these facilities whom the facility administrators deputize, shall have all the protections and benefits of peace officers in accordance with all the laws of the state of Louisiana, including but not limited to the benefits to survivors of the family if such above-named individuals are killed in the implementation of Sections 431 and 432 of this Chapter.
Thus, the question before this court is: what protections and benefits, including but not limited to the benefits to survivors of the family if such individuals are killed in the line of duty, are the plaintiff-employees entitled to because they have been designated "peace officers"?

IV
Defendants-appellees argue that inasmuch as Act 538 of 1982[3] was not advertised as required by Art. X, § 29(C), La. Const., the legislature never intended to affect any existing laws governing any public retirement system.
Art. X, § 29(C) provides:
No proposal to effect any change in existing laws or constitutional provisions relating to any retirement system for public employees shall be introduced in the legislature unless notice of intention to introduce the proposal has been published, without cost to the state, in the official state journal on two separate days. The last publication shall be at least thirty days before introduction of the bill. The notice shall state the substance of the contemplated law or proposal, and the bill shall contain a recital that the notice has been given.
The constitutional mandate of pre-introduction advertisement was intended to apply only to proposed legislation effecting changes and amendments to the basis systems of retirement. Maes v. City of New Orleans, 97 So.2d 856 (La.App.Orleans 1957). Act 538 increased the number of existing employees covered by provisions pertaining to peace officers, but it was not intended to change the basic systems of retirement. Thus, no advertisement of Act 538 was required.
We are of the additional opinion that the questioned provisions in La.R.S. 28:433 do *945 not evidence an intent on the part of the legislature that these plaintiffs are to receive all benefits afforded each and every peace officer irrespective of by whom the peace officer is employed, or under what conditions the peace officer is entitled to the benefits. Therefore, a statute by statute analysis is necessary.

V
Plaintiffs-appellants claim that they are entitled to membership in the Louisiana State Police Retirement System, La.R.S. 40:1421, et seq.
However, we hold that plaintiffs are not entitled to the benefits of La.R.S. 40:1421 for the reasons set forth by the trial judge, which we adopt as our own.
The prerequisites for membership in the state police pension and retirement system are specified in LSA-RS 40:1424 as follows:
"(1) Sworn, commissioned law enforcement officers of the office of state police of the Department of Public Safety and who have satisfactorily completed the State Police Training Academy Course of Instruction ..."
It is stipulated that plaintiffs are not sworn, commissioned law enforcement officers. None of the plaintiffs are employees of the Department of Public Safety, and although some of the administrators or those they have deputized have or are in the process of completing law enforcement training required of peace officers by LSA-RS 40:2415(A), [LSA-RS 40:2405(A)], there is no evidence that any of the plaintiffs are graduates of the State Police Training Academy.
In light of the clear and unambiguous language of LSA-RS 40:1424, this Court finds the plaintiffs, as peace officers employed by the Department of Health and Human Resources, do not meet the prerequisites for membership in the Louisiana State Police Retirement System. It necessarily follows that the spouses of these facility administrators are not eligible.

VI
Plaintiffs-appellants contend that they are entitled to the benefits of La.R.S. 33:2218.1, extra compensation paid by the state to municipal police officers and full-time commissioned deputy sheriffs, and La. R.S. 33:2236, death benefits paid to the survivors of a member of a police department of a municipality between 7,500 and 250,000 in population. Though plaintiffs are peace officers, they are neither municipal police officers, full-time commissioned deputy sheriffs, nor employed by a municipality. We conclude that they are not entitled to these benefits.
The appellants also make mention of supplemental pay under La.R.S. 40:2405. However, a close examination of this statute reveals that section 2405 merely sets forth a training program as a prerequisite for the receipt of supplemental compensation by any person who begins employment as a peace officer subsequent to January 1, 1986. Thus, plaintiffs' argument is without merit.

VII
The plaintiffs additionally argue that as peace officers they are entitled to the benefits of La.R.S. 42:571, which in part provides:
... correctional officers and security personnel employed by the Louisiana Department of Public Safety and Corrections shall be eligible for retirement at any age upon attaining twenty or more years of service, at least ten of which were served immediately prior to application for retirement in a security capacity with the Louisiana Department of Public Safety and Corrections.
This section further provides that "[f]or purposes of this Subsection, Louisiana Department of Public Safety and Corrections includes predecessor and successor agencies to such department."
Plaintiffs point out that originally the state schools for the retarded and correctional institutions were both part of the Department of Institutions. In 1956 the Legislature transferred state schools for the retarded to the newly created Department *946 of Hospitals, and in 1968 the Department of Institutions was merged into the Department of Corrections. Thus, plaintiffs conclude that they were employed by a predecessor agency and are eligible to receive the benefits of La.R.S. 42:571.
We agree with the historical development of the Department of Corrections, now called the Department of Public Safety and Corrections. We disagree, however, with the analysis of the applicability of section 571 to these plaintiffs.
The portion of section 571 providing for retirement at any age with twenty years of service was originally enacted as Act 373 of 1975. This special retirement provision required a minimum of ten years of service with the Department of Corrections immediately prior to the application for retirement. However, in 1975 the Department of Corrections had not been in existence for ten years. It was necessary then to allow credit for time served in a security capacity with the predecessor agency, otherwise the provision for twenty year retirement would have been meaningless.
Thus, we conclude that at the time of retirement the employee must be employed by the Department of Public Safety and Corrections, and that time served with a predecessor agency is only for the purpose of fulfilling the ten years minimum requirement. Therefore, La.R.S. 42:571 is inapplicable to plaintiffs.

VIII
The plaintiffs next argue that they are entitled to the benefits of La.R.S. 17:1681 and 1681.1, which allow scholarships for children of police officers or deputy sheriffs killed or permanently disabled in the performance of their duty. We agree.
A "peace officer" is defined as "any sheriff, police officer, or other person deputized by proper authority to serve as a peace officer." La.R.S. 28:2. Thus, since a "peace officer" is the same as a "police officer," a statute affording educational benefits to the children of a "police officer" killed or permanently disabled in the performance of his duty is applicable to plaintiff-employees. The judgment of the trial court denying relief is reversed.

IX
This court notes that the Legislature in fulfilling the mandate of Art. X, § 29(D), La. Const., to provide for compensation for survivors of law enforcement officers killed in the line of duty, enacted La.R.S. 33:2201, providing for a one time payment to the officer's surviving spouse and dependent children. Section 2201 B, which lists fifteen categories of law enforcement officials entitled to survivors' benefits, does not include the positions occupied by plaintiffs. However, the clear language of La.R.S. 28:433 evidences the Legislature's intent to provide the benefits of La.R.S. 33:2201 to plaintiffs:
The facility administrators of state residential facilities ... shall have all the protections and benefits of peace officers... including but not limited to the benefits to survivors of the family if such above-named individuals are killed....
When interpreting a law, the court should give it the meaning the lawmaker intended. It will not be presumed that the legislature intended for any part or provision of the law to be meaningless or useless. Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions. A construction of a statute which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act and will carry out the legislature's intention. City of New Orleans v. Board of Supervisors of Elections for Parish of Orleans, 216 La. 116, 43 So.2d 237 (1949); Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
We hold, therefore, that the legislature's omission of state mental health facility administrators in La.R.S. 33:2201 was not intentional; that La.R.S. 28:433 is *947 the latest expression of legislative will on this subject; and that plaintiffs are thus entitled to the survivors; benefits set forth in La.R.S. 33:2201.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it denied the applicability of La. R.S. 17:1681, et seq. is reversed, is amended to include the applicability of La.R.S. 33:2201, et seq., and in all other respects is affirmed. Costs are to be paid by defendants-appellees, which costs amount to $522.70.
REVERSED IN PART, AMENDED, AND AFFIRMED IN PART.
SHORTESS, J., dissents in part. It is not appropriate to extend the provisions of LSA-RS 17:1681 to the plaintiffs.
EDWARDS, J., dissents in part for the reasons given by SHORTESS, J.
NOTES
[1] This suit was filed on July 5, 1983, prior to the effective date of Act 659 of 1983, which amended and reenacted Chapter 4 of Title 28 of the Louisiana Revised Statutes of 1950. The only change made by the 1983 act as it relates to this case was a renumbering of the sections. Under Act 659, section 428 became section 430. Henceforth in this opinion reference is made to the renumbered sections.
[2] The plaintiffs are: Cecil N. Colwell, Jo Ann Buckner Colwell, Joseph L. Martinez, Patricia A. Martinez, Henry A. McGuire, Sondra B. McGuire, Jimmy F. Boyd, Billie J. Boyd, Joseph W. Peter, Betty Jo Peter, Carl S. Hutchison, Cherie Hutchison, Samuel K. McDaniel, Cindy F. McDaniel, James R. Austin, Sue M. Austin, Edward N. Dettenheim, Mary A. Dettenheim, George Bostick, Patsy W. Bostick, Gary S. Grand, Pete Stewart, Harold Clary, Patricia Clary, Ralph McCullen, Elaine S. McCullen, Andrew J. Mercante, Mary Ann Mercante, Austin Glass, Adrienne R. Glass, William A. Mullinnis, and Deborah M. Mullinnis.

The defendants are: Governor David C. Treen, the State of Louisiana, through the Office of Attorney General of Louisiana, Department of Justice, the Louisiana State Police Retirement System and its Board of Trustees, and the Louisiana State Employees' Retirement System and its Board of Trustees.
[3] Act 538 of 1982 is the initial legislation enacting La.R.S. 28:433.