**John GEORGE**

v.

**BAILEY COKE AND TRANSPORT, INC., et al.**

**Civ. A. No. 86–1494.**

United States District Court, E.D. Louisiana, M.D.

June 18, 1987.

Pierre F. Gaudin, Pierre F. Gaudin, Jr., Gretna, La., for plaintiff.

Cynthia Anne Wegmann, John C. Combe, Jr., New Orleans, La., Thomas Balhoff, Baton Rouge, La., for defendant.

BEER, District Judge.

This matter is before the court on motion of plaintiff, John George, and defendant, Bailey Coke and Transport, Inc., for summary judgment against defendant Louisiana Insurance Guaranty Association. Oral argument was heard on 20 May 1987.

Plaintiff was injured while employed as master of a vessel owned by Bailey Coke and Transport. At the time of the ensuing lawsuit, Bailey Coke had an insurance policy with Transit Casualty Company styled as a "Standard Workmen's Compensation and Employer's Liability Policy." Transit was adjudged insolvent subsequent to the initiation of this litigation. Movants are now attempting to have the Louisiana Insurance Guaranty Association (LIGA) adopt and provide coverage under Transit Casualty's policy. LIGA refuses to pay on this policy on the ground that the instant policy is "ocean marine insurance," which is exempted statutorily from the scope of LIGA's coverage under La.Rev.Stat.Ann. § 22:1377.

This issue is no stranger to the federal district courts of Louisiana; it has been oft litigated recently with differing results. In *Clinesmith v. Coil Tubing and Nitrogen Service Company*, 673 F.Supp. 170 (E.D. La.1986), the court ruled that LIGA was obligated to pay on the policy. The plaintiff in *Clinesmith*, however, never contended that he was a seaman because he was, in fact, a land-based salesman. He was injured while on a vessel observing platform operations. Judge Feldman of this court found that the policy involved in that case was a comprehensive general liability policy that did provide coverage under its terms and also vide coverage under its terms and also concluded that the fact that plaintiff was injured aboard a vessel was of no greater significance than the fact that his duties dealt with a fixed platform. Judge Feldman noted that the attention of the court must be focused on the "nature" of the insurance policy, not the "nature" of the particular claim to determine whether LIGA coverage is applicable.

In *Sifers v. General Marine Catering, Inc., et al*, No. 85–2374 (E.D.La.1986), Appeal Docket No. 86–3494 (5th Cir.), plaintiff was a Jones Act seaman. The issue before the court was the applicability of the "ocean marine" exclusion. Judge Duplantier of this court held the exclusion in the statute to be applicable, stating:

> I hold that while the term "ocean marine insurance" may be an inarticulate term as used in the statute, I hold that the proper interpretation of the statute is that it doesn't apply to liability for injuries or damages occurring offshore in the marine field in an admiralty setting. To hold otherwise would create this kind of situation which, I suggest, would be anomalous: for the same risks, an insured would get the benefit of LIGA if he decided to insure it under this policy form versus that policy form, and that, I don't think, is a result intended by the legislature.

Under the anomalous approach, Judge Duplantier reasoned, one could add marine

coverage to what was *labelled* an automobile policy and the LIGA exclusion would not apply.

In *Blair v. Sealift, Inc.*, No. 84–5367 (E.D.La. August, 1986) [Available on WESTLAW, DCT database], Judge Heebe declined to follow the reasoning of *Sifers* and held in a similar case that the ocean marine exclusion did not apply. The *Blair* court disagreed with Judge Duplantier and held that the Louisiana Insurance Act that created LIGA distinguishes types of policies, and not types of risks. Further, the *Blair* court, relying on 4 J. Appleman, *Insurance Law and Practice* (1969), concluded that ocean marine insurance pertains only to property insurance covering ships and their cargoes. Hence, the court concluded, an insurance policy covering personal injuries of seamen is not an ocean marine insurance policy, and does not come under the LIGA exclusion.

In *Coe v. L & L Sandblasting, Inc., et al*, No. 85–1001 (W.D.La. Nov. 1986), Magistrate Trimble examined in great detail the different treatments of the issue of ocean marine insurance. The court observed that Appleman contains references to marine insurance in the context of personal injury of seaman. Further, different authorities list such liability policies under marine insurance. In *Coe* the policy was called a Standard Workmen's Compensation and Employer's Liability Policy, yet it contained insurance coverage relevant only to maritime claims by seaman. As the court stated,

> The fact that the declaration page of the policy did not label it as a "Standard Workmen's Compensation, Employer's Liability *and* Ocean Marine Policy" … does not change the fact that appended to and made part of the basic policy is this endorsement which deals explicitly with ocean marine type liability protection.

*Coe*, at 17. The court refused to allow the labelling of the policy to dictate the applicability of LIGA's coverage and held that the exclusion did apply.

■ Plaintiff in this case was injured aboard a vessel while serving as its master. Bailey Coke purchased insurance to shield itself from this liability. The *Blair* court held that "ocean marine insurance" does not include such insurance. For the reasons expressed above and more fully in the *Coe* opinion, this court declines to follow the *Blair* approach. It seems clear to the court that the underwriting of Jones Act liability risk *is* ocean marine insurance. So-called "Protection and Indemnity," or "P & I" policies are routinely handled as marine insurance within the insurance industry. Although ocean marine insurance is an inarticulate phrase, this court is convinced tht such "P & I" insurance is within its definition.

As was pointed out by the court in *Sifers*, to hold otherwise would be to allow an insured to receive the benefits of LIGA's coverage on an ocean marine insurance policy—here a P & I policy—by insuring the marine risk together with a non-marine risk under a policy styled as a non-maritime policy. An employer's liability for personal injuries suffered by clerical and other land-based personnel is clearly non-maritime. A vessel owner's liability for injuries suffered by his crewmembers aboard his vessel while performing their duties is just as clearly maritime. To take the marine risk, add it to a non-marine policy as an endorsement, and style the policy as a typical land-based policy does not change the nature of the insurance obtained. The P & I type of insurance that Bailey Coke purchased is not changed by the fact that it is contained within a "Standard Workmen's Compensation and Employer's Liability Policy."

Movants also argue that the issue of LIGA's exclusion is *res judicata*. Movants cite to *Medford v. Bailey Coke Transport, Inc., et al*, No. 84–3713 (E.D.La.) [Available on WESTLAW, DCT database] for support. Plaintiff in *Medford* was a deckhand aboard a Bailey Coke vessel when he was injured. On the same policy as the instant one, the *Medford* court granted summary judgment to plaintiff and held, relying on *Blair*, that LIGA was obligated to adopt and pay on Transit Casualty's policy with Bailey Coke. However, that minute entry is but an interlocutory order, and is not a final judgment that is appropriate for *res*

*judicata* purposes. Further, *res judicata* would not be proper in any case because the parties are not the identical parties who appeared in that case.

Accordingly, for the above reasons, the Motion for Summary Judgment is DE-NIED.