LOTTINGER, Judge.
This action concerns the liability of the Louisiana Insurance Guaranty Association (L.I.G.A.) for claims made by an injured employee, Brent Stevens Boudreaux (Bou-dreaux), whose employer’s insurance carrier became insolvent. On a motion for sum *810 mary judgment by third party plaintiff and employer, LeBlanc Welding and Construction, Inc. (LeBlanc), the trial court found L.I.G.A. liable for all sums plaintiffs employer, LeBlanc, would become legally obligated to pay Boudreaux. From this decision, L.I.G.A. appeals.
FACTS
Boudreaux, as an employee of LeBlanc, was injured during the scope of his employment in October, 1984. Plaintiff sued Le-Blanc, Mobil Oil Corporation, and Elevating Boats, Inc., for damages that were inflicted when a gas line ruptured on a Mobil Oil platform in the Gulf of Mexico. LeBlanc, as employer, was insured for worker’s compensation and held excess liability insurance through its carrier, Transit Casualty Company (Transit). Transit was later determined to be insolvent by the Louisiana Commissioner of Insurance in December, 1985.
Plaintiffs employer, LeBlanc, filed a third party action against L.I.G.A. to recognize the liability of the association for Transit’s obligations.[1] L.I.G.A. denied coverage under Transit’s policy as to Boudreaux’s injuries. A motion for summary judgment was filed by LeBlanc to have LJ.G.A.’s obligations judicially recognized and enforced under La.R.S. 22:1375, et seq. L.I. G.A. opposed the motion by contending that plaintiff’s claim was precluded from recovery because it fell under the statutory exclusion of “ocean marine insurance,” La. R.S. 22:1377.[2]
TRIAL COURT
The trial court granted LeBlanc’s motion for summary judgment. According to the written judgment, L.I.G.A. was recognized as the insurer of LeBlanc “to the full extent of the obligations of Transit Casualty Company under the Workmen’s Compensation and Employers Liability policy issued by Transit Casualty Company.” Also, L.I. G.A. was held to be liable, on behalf of LeBlanc, for all sums which LeBlanc “shall be legally obligated to pay to the plaintiff in connection with these proceedings within the coverage afforded by said policies.”
ASSIGNMENT OF ERRORS
In appealing, third party defendant, L.I. G.A., has assigned the following specifications of error:
(1) That the trial court erred in granting the motion for summary judgment due to the existence of a genuine issue of material fact.
(2) That the trial court erred in concluding that L.I.G.A. be liable for all sums within the insolvent insurance carrier’s coverage, contrary to the statutory limitation of payments of L.I.G.A., La.R.S. 22:1382.[3]
ASSIGNMENT OF ERROR NO. 1
L.I.G.A. contends the trial court improperly granted the motion for summary judgment, contrary to La.Code Civ.P. art. 966. Article 966 mandates that summary judgment be granted if there is no genuine *811 issue as to material fact and if the mover is entitled to judgment as a matter of law.
L.I.G.A. argues that material fact does exist. The material fact is whether the scope of La.R.S. 22:1377 excludes the claim asserted by the plaintiff. La.R.S. 22:1377 provides that “all kinds of direct insurance, except ... ocean marine insurance,” are included by the statutory scheme. According to L.I.G.A., it is a question for evidentiary assertion and proof that the “ocean marine insurance” exclusion is applicable. L.I.G.A. contends it should be permitted to offer testimony of both the drafters of the original legislation and insurance industry experts on the question of the exclusion’s applicability.
The testimony of both drafters of the uniform legislation as well as industry experts has no bearing on and cannot be utilized by the courts in determining legislative intent unless that testimony reflects on evidence presented to the appropriate legislative committees. Authement v. Davidson, 366 So.2d 986 (La.App. 1st Cir. 1978); Ethyl Corporation v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir. 1977), writ denied, 353 So.2d 1035 (La. 1978). After a review of the affidavits of the drafters filed in opposition to the motion for summary judgment this court concludes that the drafters did not appear before any Louisiana legislative committees. Thus, this evidence would be irrelevant as to the determination of legislative intent. L.I.G.A. submits that the courts can review an affidavit of an industry expert submitted in opposition to the motion for summary judgment for the purpose of understanding the term “ocean marine,” as that term is used by the insurance industry. The submission of this type of evidence as an aid to the court in attempting to determine legislative intent is appropriate. However, this evidence is merely one element utilized by the court in its search of legislative intent.
It is an unsettled matter of law whether or not the exclusions of Louisiana’s Insurance Guaranty Association statute are applicable to the maritime endorsement of a worker’s compensation insurance policy. La.R.S. 22:1377 states that all direct insurance is included “except ... ocean marine insurance.” Louisiana statutes omit any form of discernable definition of “ocean marine insurance.”
As this court stated in Colwell v. State, Office of Attorney General of Louisiana, Department of Justice, 506 So.2d 941 (La. App. 1st Cir.1987), writ denied, 508 So.2d 89 (La.1987):
In cases involving statutory interpretation ... the paramount consideration is the ascertainment of the legislative intent; that the legislature is presumed to have enacted the statute with deliberation and with full knowledge of all existing constitutional provisions and laws on the same subject; and that if it is possible to do so, every part of a statute must be given effect, for the legislature is not presumed to insert superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments. 506 So.2d at 943-44.
One of the expressed purposes of the Insurance Guaranty Association statute is “to avoid financial loss to claimants or policyholders because of the insolvency of the insurer.” La.R.S. 22:1376. The Louisiana Legislature further extended this by stating that “[t]his part shall be liberally construed to effect the purpose ... which shall constitute an aid and guide to interpretation.” La.R.S. 22:1378. As recent as 1982, the Louisiana Supreme Court succinctly stated, “[t]he provisions of the Insurance Guaranty Association Act must be interpreted to protect claimants and policyholders and to advance their interests rather than the interests of the association.” Senac v. Sandefer, 418 So.2d 543, 546 (La. 1982).
L.I.G.A. contends that the maritime portion of LeBlanc’s policy that provided for employer liability coverage is included under the ocean marine insurance exclusion. L.I.G.A. also asserts that existing trial court decisions have found such marine insurance exempt from the statutory scheme. In Sifers v. General Marine Catering, Inc., et al, 85-2374, United States District Court, Eastern District of Louisi *812 ana, appeal docketed, 86-3494, the trial court held that the exclusion of ocean marine insurance under La.R.S. 22:1377 was applicable to a Jones Act, 46 U.S.C. § 688 (1920) lawsuit. The indemnification sought by the defendant-employer through his worker’s compensation policy was denied because the statute’s listed exclusions were for insurance “risks,” not the captioned title of the employer’s insurance policy. Clinesmith v. Coil Tubing and Nitrogen Service Co., et al, 673 F.Supp. 170, United States District Court, Eastern District of Louisiana, involved a chemical salesman who asserted a negligence action against his employer. The trial court determined the same statutory exclusion applicable to the defendant’s claim for indemnification based on the “nature of the insurance policy, not the nature of the claim.” In George v. Bailey Coke and Transport, Inc., et al, 672 F.Supp. 926, United States District Court, Eastern District of Louisiana, plaintiff was injured as a master of defendant’s vessel. Defendant’s insurer, Transit Insurance was declared insolvent, and L.I.G.A. was brought into the lawsuit to assume Transit’s claims. The trial court denied Bailey’s motion for summary judgment against L.I.G.A. for liability of plaintiff’s injury. It was also found that an ocean marine insurance policy is the “underwriting of the Jones Act liability risk” and thus applied the statutory exclusion of ocean marine insurance to defendant’s indemnification.
However, this court finds these federal trial court decisions non-determinative on the matter sub judice. In Sifers, the trial court incorrectly assumed that the insurance guaranty scheme ought to be strictly construed, contrary to Senac v. Sandifer, 418 So.2d at 545, and La.R.S. 22:1378. The Clinesmith decision was not an asserted Jones Act claim by the plaintiff, as the instant case. Finally, the George determination was based on its finding “that; the underwriting of Jones Act liability risk is ocean marine insurance.” (emphasis of the court).
The issue of whether L.I.G.A. provides coverage and to what extent is a question or issue of law, not fact. The evidence which L.I.G.A. seeks to introduce and argues presents genuine issues of material fact which relate to the interpretation of the statute and not to the merits of plaintiff’s accident. Thus, this court concludes that the issue of insurance coverage by L.I.G.A. was ripe for summary judgment.
The significant issue decided by the trial court was whether L.I.G.A. provided coverage under the facts as presented. The trial court concluded that it did, and this court concurs.
La.R.S. 22:1377 excludes life, health and accident, title, disability, mortgage guaranty, and ocean marine insurance. In determining what the legislature intended by the term “ocean marine,” it is helpful to determine if there is any similarity amongst the listing of insurances that is excluded from L.I.G.A. coverage. This court notes that the similarity between life, health and accident, title, disability, and mortgage guaranty insurance is that these are indemnity insurances vis a vis liability insurance. Indemnity insurance provides for indemnity against a loss, unlike liability insurance which indemnifies against liability on account of injuries to person or property of another.
Thus, by the use of the statutory interpretative rule of ejusdem generis, this court concludes that by including the term “ocean marine” with a listing of indemnity insurances, the legislature intended only the indemnity type of marine insurance be excluded from L.I.G.A. coverage.
ASSIGNMENT OF ERROR NO. 2
L.I.G.A.’s second assigned error is the trial court’s decision to hold L.I.G.A. liable for all sums within the coverage afforded by the insolvent Transit. L.I.G.A. argues that the monetary limitations required under La.R.S. 22:1382(l)(a) preclude a recovery beyond $149,900.
La.R.S. 22:1382(l)(a), in part, provides that the association shall:
Be obligated to the extent of the covered claims existing prior to the determination of the insurer’s insolvency, ... but such *813 obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, nor shall a claim for the portion of unearned premiums in excess of one thousand five hundred dollars be allowed. Notwithstanding the foregoing, the association shall pay the full amount of any covered claim arising out of a worker’s compensation policy.
Thus, it is clear from the statute that unless the claim arises “out of a worker’s compensation policy,” the maximum extent of liability to L.I.G.A. is $150,000.00. This court concludes that “arising out of a worker’s compensation policy” means a worker’s compensation claim.
In the case sub judice, plaintiff filed his suit as a Jones Act claim. Therefore, if plaintiff is successful in his Jones Act claim, limitation of monetary liability is applicable. However, if plaintiff’s claim is under worker’s compensation, there is no limit of L.I.G.A.’s liability.
The trial judge was premature in ruling that L.I.G.A. was liable for all sums within the coverage afforded by Transit. The issue of the extent of coverage must await the final outcome on the merits.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it held the Louisiana Insurance Guaranty Association the insurer of Le-Blanc Welding & Construction Co., Inc. to the full extent of the obligations of Transit Casualty Company is reversed, and in all other respects the judgment of the trial court is affirmed. The costs of this appeal are assessed to the Louisiana Insurance Guaranty Insurance Association. This matter is remanded for further proceedings.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
EDWARDS, J., dissents from the granting of Summary Judgment.

.La.R.S. 22:1382(l)(a) states that:
(1) The association shall:
(a) Be obligated to the extent of the covered claims existing prior to the determination of the insurer’s insolvency, or arising after such determination but prior to the first to occur of the following events: (1) expiration of thirty days after the date of such determination of insolvency, (2) expiration of the policy, or (3) replacement or cancellation of the policy at the instance of the insured if he does so within thirty days of the determination, but such obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, nor shall a claim for the portion of unearned premiums in excess of one thousand five hundred dollars be allowed. Notwithstanding the foregoing, the association shall pay the full amount of any covered claim arising out of a worker’s compensation policy. In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises.

. La.R.S. 22:1377 provides that:
This Part shall apply to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guaranty, and ocean marine insurance.

. See Footnote No. 1.