**Joseph Mike DESHOTELS, Plaintiff,**

v.

**SHRM CATERING SERVICES, INC., Defendant-Third-Party Plaintiff-Appellee,**

v.

**The LOUISIANA INSURANCE GUARANTY ASSOCIATION, Third-Party Defendant-Appellant.**

No. 87–4798.

United States Court of Appeals, Fifth Circuit.

April 1, 1988.

Judith R. Atkinson, Thomas E. Balhoff, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for third-party defendant-appellant.

Thomas G. O'Brien, Edwin C. Laizer, Adams & Reese, New Orleans, La., for defendant-third-party plaintiff-appellee.

Alex D. Chapman, Jr., J. Wendel Fusilier, VillePlatte, La., for amicus curiae Joseph Mike Deshotels.

Before GEE, RUBIN, and SMITH, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employer whose insurer became insolvent settled its employee's claim for work-related maritime injuries and sought reimbursement from the Louisiana Insurance Guaranty Association. The case raises an important and unsettled issue of Louisiana law concerning the Association's obligation to pay a claim brought for maritime-related injuries under a general workers' compensation policy with an endorsement for an employer engaging in maritime operations, and the same issue is raised in many other appeals pending before us and in a number of other cases pending in federal district courts and in state courts. For these reasons, we have decided to certify the question to the Supreme Court of Louisiana. So that we may certify only a single dispositive question, however, we first determine that should the employer prevail against the Association, it will be entitled to reimbursement for attorney's fees and other costs it incurred in defending the employee's claim and in prosecuting its third-party demand against the Association, because the Association failed to challenge the request for attorney's fees in the district court.

I.

Joseph Mike Deshotels was a night cook employed by SHRM Catering Services, Inc., aboard the MR. DEMP, a jack-up rig operating in the Gulf of Mexico. On September 26, 1984, while working on the vessel, Deshotels became ill with cellulitis and had to be transported by crewboat to a hospital on land. He alleges that, while he was in a personnel basket being transferred to the crewboat, the crane operator lowering the basket dropped or slammed it to the deck of the crewboat from a height of about 10 feet. As a result, Deshotels contends, he suffered injuries to his cervical and lumbar regions that necessitated two surgeries.

In May 1985, Deshotels sued SHRM and Magnum-Marine Drilling Corporation, which owned the jack-rig and employed the crane operator, for negligence under both general maritime law and the Jones Act.[1] He asserted a claim against SHRM for maintenance and cure and against Magnum-Marine for breach of its duty to maintain a seaworthy vessel.

At the time of the accident, SHRM was insured by a "Standard Workmen's Compensation and Employer's Liability Policy" issued by Transit Casualty Company, a Missouri insurer. The policy included a maritime endorsement, which applied to "masters or members of the crews of vessels," noted that SHRM was engaged in offshore catering operations in Louisiana, and insured SHRM for its liability to provide transportation, wages, maintenance, and cure to an employee who had suffered bodily injury by accident or disease.

In December 1985, however, Transit was declared insolvent, and the Louisiana Commissioner of Insurance cancelled all its policies. SHRM then filed a third-party demand for reimbursement from the Louisiana Insurance Guaranty Association (LIGA) pursuant to the State's Insurance Guaranty Association Law, passed in 1970.[2] That law created LIGA as a non-profit, unincorporated entity to pay valid claims, up to statutory limits, in the event an insurer who was a member of the Association became insolvent.[3] In addition, it set up a mechanism for assessing insurers covered by LIGA for the costs of maintaining the fund to pay such claims.[4] The law, however, excludes from LIGA coverage "ocean marine insurance,"[5] and LIGA denied liability to SHRM on the ground that Deshotels's claim involved "ocean marine insurance" because it sought compensation under maritime laws for maritime-related injuries.

Magnum-Marine filed for bankruptcy in Texas, and all proceedings against it were stayed. Prior to trial, Deshotels settled his claim with SHRM for $75,000, so the case proceeded solely on SHRM's third-party demand against LIGA. SHRM filed a motion for summary judgment, which the parties agreed to convert to a submission for purposes of a final judgment. The parties filed briefs, submitted depositions and affidavits, and stipulated, among other facts, that the premiums SHRM had paid to Transit on the category of policies at issue here had been included in calculating the assessments that Transit, a member of LIGA, was required to pay yearly to LIGA to maintain the Insurance Guaranty Fund. The parties also agreed that LIGA would introduce testimony given in two other cases[6] by marine insurance industry experts concerning the meaning the industry generally attached to "ocean marine insurance."

The district court ruled that the policy was not "ocean marine insurance" and LIGA was therefore obligated to pay the amount of Deshotels's claim, as well as the expenses SHRM had incurred in the defending and prosecuting the action. The court noted that policies of this type had been figured in calculating the assessments that Transit would pay to LIGA and it would be "incongruous" to exclude it from the coverage provided by LIGA. The court therefore entered a judgment awarding SHRM $75,000 for the amount it had paid Deshotels to settle his claim; $24,143.79 in maintenance and cure benefits it had paid him between December 1985 and August 1987; and $26,606.84 in attorney's fees it had incurred through July 31, 1987, in defense of Deshotels's claim and prosecution of its third-party demand. The court also ruled that SHRM would be entitled to attorney's fees, costs, and expenses it had incurred after July 31, 1987, these to be

1.  46 U.S.C. § 688.

2.  La.Rev.Stat.Ann. 22:1375–1394 (West 1978 & 1988 Supp.).

3.  La.Rev.Stat.Ann. 22:1380, 1376.

4.  La.Rev.Stat.Ann. 22:1382.

5.  La.Rev.Stat.Ann. 22:1377.

6.  *Blair v. Sealift, Inc.,* CA 84–5367 (E.D.La.1986); *Sifers v. General Marine Catering Company,* CA 85–2374 (E.D.La.1986).

determined after the disposition of any appeal.

LIGA did not ask the district court to reconsider its judgment, but appealed to this court. Its appeal was consolidated with seven others raising identical or closely-related issues, to await resolution by the Louisiana courts of the same question in a state case, *Boudreaux v. LeBlanc Welding & Construction, Inc.* In October 1987, the Louisiana First Circuit Court of Appeals held in *Boudreaux* that a worker's compensation policy with a marine endorsement similar to the SHRM policy was not "ocean marine insurance" and LIGA therefore was liable.[7] In February 1988, however, the Louisiana Supreme Court vacated the decision and remanded "for trial on the merits and full development of the facts concerning liability, the lower courts thereafter to rule on questions and extent of coverage."[8] It appearing that the Louisiana courts would not soon have opportunity to resolve the coverage issue, we proceeded with this appeal.

## II.

The dispositive issue is whether this claim for maritime-related injuries, brought on the Standard Worker's Compensation and Employer's Liability Policy with a marine endorsement, involves "ocean marine insurance" and is therefore excluded, by virtue of La.Rev.Stat.Ann. 22:1377, from the coverage of the Insurance Guaranty Association Fund.

We believe this issue is appropriate for certification to the Louisiana Supreme Court. This issue or closely-related ones are raised in eight cases pending in this court, 43 cases in the federal district courts of Louisiana, and 22 cases in the state courts of Louisiana.[9] Some of these cases have been under submission in this court for more than a year; and in view of the Louisiana Supreme Court's remand for a trial in the *Boudreaux* state court action, it appears unlikely that the Louisiana appellate courts will have opportunity to resolve the question soon. The federal district courts have reached conflicting conclusions,[10] and after *Boudreaux*, no state precedents provide clear guidance.[11] Because this issue of Louisiana law is both important and unsettled, and because our resolution of it might conflict with the conclusion reached by state courts, which indeed are the final authority on state law, the question is most appropriately decided by the state courts.

We may certify a question, however, only if it controls the outcome of the case.[12] Therefore, as we did recently in *Petroleum Helicopters, Inc. v. Avco Corp.,*[13] we will first decide the question concerning SHRM's entitlement to attorney's fees it incurred in prosecuting the third party claim, although that question might be mooted by resolution of the issue concerning "ocean marine insurance."

## III.

Concerning whether SHRM is entitled to attorney's fees, LIGA argues that a party seeking coverage generally bears its own fees and that public policy reinforces this general rule when the claimant seeks reimbursement from a fund, such as LIGA, that must remain available to cover valid claims. LIGA does not here challenge that part of the district court's ruling that held it liable for expenses SHRM incurred in defending

---

**7.** 515 So.2d 809 (La.App. 1st Cir.1987).

**8.** *Boudreaux v. LeBlanc Welding & Construction, Inc.,* 519 So.2d 771 (La.1988) (per curiam).

**9.** See Appendix.

**10.** *Contrast Deshotels v. SHRM Catering Services, Inc.,* CA No. 85–1328 (W.D. La. Sept. 11, 1987); *Blair,* CA 84–5367 (E.D.La.1986), *appeal docketed,* No. 86–3760 (5th Cir.1986), *with Sifers,* CA 85–2374 (E.D.La.1986), *appeal docketed,* No. 86–3494 (5th Cir.1986).

**11.** *See* La.Rev.Stat.Ann. 13:72.1.

**12.** La.Rev.Stat.Ann. 13:72.1; *see also Petroleum Helicopters, Inc. v. Avco Corp,* 804 F.2d 1367, 1369 (5th Cir.1986).

**13.** 804 F.2d 1367, 1369 (5th Cir.1986) (suggesting certified question), *question certified,* 811 F.2d 922 (5th Cir.1987), *certification accepted,* 503 So.2d 1010 (La.1987), *answer to certification,* 513 So.2d 1188 (La.1987), *after answer to certification,* 834 F.2d 510 (5th Cir.1987).

against Deshotels's claim; its complaint is with the award of fees connected with the litigation between SHRM and LIGA.

SHRM argues that we should refuse to consider LIGA's challenge to the award of attorney's fees because LIGA failed to object to the fee request in the district court. This court generally declines to address issues not raised below unless the issue presents a pure question of law and to ignore it would result in a miscarriage of justice.[14] If resolution of the new issue turns on facts that would have been developed in the district court had the issue been raised there, this court will refuse to consider the issue.[15]

To the extent LIGA argues it may never be liable for attorney's fees a claimant incurs in pursuing an action against it, its contentions present a pure question of law. We hold that LIGA is not per se insulated from such liability. The Insurance Guaranty Association Law provides that LIGA shall "[b]e deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer."[16] Under the Louisiana statute pertaining to worker's compensation insurance (the category into which this policy falls if it is not "ocean marine insurance"), Transit would have been liable to SHRM for all reasonable attorney's fees SHRM incurred in litigating a coverage dispute had Transit failed to make payment within 60 days of receiving notice of the claim and its failure been arbitrary, capricious, or without probable cause.[17] Taken together, these provisions belie LIGA's assertion that Louisiana's public policy shields it in all cases from liability for a claimant's attorney's fees.

In *Aramburo v. Travelers Ins. Co.*,[18] the Louisiana Fourth Circuit Court of Appeal held that LIGA was liable for legal interest and court costs even when those sums would raise its total liability above the statutory maximum it could be required to pay on a claim, at that time $49,900.[19] In addition to relying on the provision making LIGA liable to the extent the insolvent insurer would have been, the court noted that the Insurance Guaranty Association Law was to be "liberally construed to effect the purpose" of protecting claimants from financial loss or delays in compensation due to an insurer's insolvency,[20] which would be defeated by making the claimant bear the interest and costs he incurred in prosecuting his claim.[21] We see no difference in this regard between interest and costs on the one hand and attorney's fees on the other. To force a claimant to bear his attorney's fees in pursuing a claim that LIGA lacked probable cause to deny would likewise defeat the statutory goal of compensating the claimant fully.

The question remains, therefore, whether LIGA acted arbitrarily, capriciously, or without probable cause in denying SHRM's third-party claim. We will not, however, consider this essentially-factual question. It entails evaluation not only whether LIGA had arguable reasons to deny coverage, but also of SHRM's assertion that the policy for which LIGA now denies responsibility was included in calculating the share Transit (and indirectly, presumably, its customers such as SHRM) was required to contribute to maintaining the Fund. The record also contains no evidence whether the amount of fees awarded was "reasonable" as the statute governing worker's compensation requires. The facts underlying these matters could have been devel-

14. *Volkswagen of America, Inc. v. Robertson,* 713 F.2d 1151, 1166 (5th Cir.1983).

15. *Id.* (*citing Hall v. Board of School Commissioners,* 681 F.2d 965, 970 (5th Cir.1982)).

16. La.Rev.Stat.Ann. 22:1382(1)(b); *see also Aramburo v. Travelers Ins. Co.,* 438 So.2d 274, 276 (La.App. 4th Cir.1983); *Harris v. Lee,* 387 So.2d 1145, 1146 (La.1980).

17. La.Rev.Stat.Ann. 23:1201.2 (West 1985).

18. 438 So.2d 274 (La.App. 4th Cir.1983), *modifying* 426 So.2d 260, *cert. denied,* 443 So.2d 1110 (La.1983).

19. *See* former La.Rev.Stat.Ann. 22:1382(1)(a) (West 1978).

20. La.Rev.Stat.Ann. 22:1378, 22:1376.

21. *Aramburo,* 438 So.2d at 276.

oped in the district court had LIGA objected to the fee request. We therefore decline to consider LIGA's claim that the award of attorney's fees against it in this case was erroneous.

If the Louisiana Supreme Court determines, in response to the question certified, that this policy is not "ocean marine insurance" and LIGA is therefore liable to SHRM, SHRM will be entitled to $26,606.84 in attorney's fees, costs, and expenses incurred in the defense and prosecution of this claim through July 31, 1987, the amount to which the parties have stipulated, in addition to any attorney's fees, costs, or expenses it incurred thereafter in the district court or on appeal, these to be determined by the district court on remand.

## IV.

Returning now to the issue of "ocean marine insurance," the court believes that the question to be certified might be phrased as follows:

Is the policy issued by Transit Casualty Company to SHRM Catering Services "ocean marine insurance" within the meaning of La.Rev.Stat.Ann. 22:1377?

We disclaim any intention or desire that the Supreme Court of the State of Louisiana confine its reply to the precise form or scope of the question certified.

In answering this question, the Louisiana Supreme Court may also find helpful portions of the record in two other cases pending before this court, *Sifers v. General Marine Catering* [22] and *Blair v. Sealift, Inc.* [23] These portions involve expert testimony concerning the meaning that the marine insurance industry attaches to "ocean marine insurance." The Supreme Court may, of course, choose not to rely on any testimony concerning this question of statutory interpretation.

We direct counsel for the parties to confer as soon as practical and submit to this court, within 15 days, a proposed agreed statement of the case and an agreed phrasing of the question to be certified.[24] If the parties are unable to agree on either the statement of the case or the questions to be certified, the appellant will prepare a proposed statement of each within 15 days and, within seven days thereafter, the appellee will prepare and file its proposed objections to and suggested changes to the appellant's suggestions.

## APPENDIX

### FEDERAL COURT SUITS

*Fifth Circuit*

*Blair v. Sealift, Inc.*, No. 86-3760 (5th Cir.1986).

*Boudreaux v. Cardinal Wireline Specialists, Inc.*, No. 86-3811 (5th Cir.1986).

*Deshotels v. SHRM Catering Services, Inc.*, No. 87-4798 (5th Cir.1987).

*Green v. SHRM Catering, Inc., et al.*, No. 87-4387 (5th Cir.1987).

*Lafayette Crewboats, Inc. v. Louisiana Insurance Guaranty Association*, No. 87-3164 (5th Cir.1987).

*McDermott v. Louisiana Insurance Guaranty Association*, No. 86-3685 (5th Cir. 1986).

*Naples v. Brown & Root, Inc.*, No. 87-3606 (5th Cir.1987).

*Sifers v. General Marine Catering Company*, No. 86-3494 (5th Cir.1986).

*Western District of Louisiana*

*Aucoin v. Union Oil Company of California*, No. 85-1446 Sec. O (Laf./Opel.Div.).

*Beckley v. Houtech LTD. I Partnership*, No. 86-1032 Sec. M (Monroe Div.).

*Benoit v. Geophysical Services*, No. 84-0374 Sec. L. (Laf./Opel.Div.).

*Boudreaux v. Teledyne Movible Offshore*, No. 84-2268.

---

22. No. 86-3494 (5th Cir.1986).

23. No. 86-3760 (5th Cir.1986).

24. *See Petroleum Helicopters*, 804 F.2d at 1373; *West v. Caterpillar Tractor Company, Inc.*, 504 F.2d 967 (5th Cir.1974).

122

*Breaux vs. Houtech Energy, Inc.,* No. 85–2369 Sec. L (Laf./Opel.Div.).

*Campbell v. Union Oil Co. of California,* No. 84–0403 Sec. L. (Laf./Opel.Div.), *consolidated with Campbell v. Murphy's Lease and Welding Service, Inc.,* No. 84–0404 Sec. L (Laf./Opel.Div.).

*Carlin v. Teledyne Movible Offshore,* No. 84–2267.

*Cavelier v. Bruce Boat Rentals, Inc.,* No. 86–1762 Sec. O (Laf./Opel.Div.).

*Coe v. L & L Sandblasting, Inc.,* No. 85–1001 (L.C.Div.).

*Cole v. L & L Sandblasting, Inc.,* No. 85–2293 (Laf./Opel.Div.).

*Cox v. Magnum Marine, Inc.,* No. 85–2975 (Alex.Div.), *consolidated with Cox v. Louisiana Insurance Guaranty Association,* No. 86–1970 Sec. A (Alex.Div.).

*Everage v. Oceanic Butler, Inc.,* No. 87–0494 Sec. L (Laf./Opel.Div.).

*Hebert v. Delmar Offshore, Inc.,* No. 84–3173 Sec. L (Laf./Opel.Div.).

*Henry v. Houtech Energy, Inc.,* et al., No. 86–0267 Sec. O (Laf./Opel.Div.).

*Martin v. Harris Well Service, Inc.,* No. 86–3443 Sec. O.

*Temple Drilling Company, Tidelands Limited I, and Tidelands II v. Louisiana Insurance Guaranty Association,* No. 87–0775 Sec. L (Laf./Opel.Div.).

*Thornton v. Bengal Marine, Inc.,* No. 84–0548 Sec. O.

*Watson v. Houtech Energy, Inc.,* No. 85–2627 Sec. O.

*Wiltz vs. Teledyne Movible Offshore, Inc.,* No. 84–2269.

*Middle District of Louisiana*

*Crawford & Company v. Temple Drilling Company,* No. 86–512 Sec. B.

*Eastern District of Louisiana*

*Belala v. Bailey Coke Transport, Inc.,* No. 85–5568 Sec. I.

*Joseph A. Bladsker, Jr. v. Compass Marine Propulsion, Inc.,* No. 86–4477 Sec. L(3).

*Boudwin v. Bruce Boat Rentals, Inc.,* No. 85–2611 Sec. I(6).

*Cody v. Keyes Offshore, Inc.,* No. 85–451 Sec. G(6).

*Daniel J. DeBlanc v. A.J. St. Pierre,* No. 84–2081 Sec. G.

*Delape v. Service Machine Group, Inc.,* No. 85–0405 Sec. B(3).

*Dominick v. Houtech Inland Well Service, Inc.,* No. 85–3893 Sec. I.

*Doyle v. In Foods International,* No. 85–4122 Sec. I(1).

*Duplantis v. Latex Gulf Drilling Co.,* No. 86–0143 Sec. E(4).

*Fuller v. Houtech Energy, Inc.,* No. 85–3506 Sec. D(6).

*George v. Bailey Coke Transport, Inc.,* No. 86–1494 Sec. M(1).

*Hale v. Durward Dunn, Inc.,* No. 84–5888 Sec. M(6).

*Harrison v. General Marine Catering Co.,* No. 86–1577 Sec. E(1).

*Lyons v. Bruce Boat Rentals, Inc.,* No. 87–0571 Sec. K(6).

*McLemore v. Bailey Coke Transport, Inc.,* No. 86–0408 Sec. G(5).

*Nageley v. E & D Oilfield Services, Inc.,* No. 85–1468 Sec. E(6).

*Natural Gas Pipeline Company of America v. Odom Offshore Surveys, Inc., et al.,* No. 84–2451 Sec. L(3).

*Percle v. Indian Marine, Inc.,* No. 84–5332 Sec. L(2).

*Rutherford v. Nordrill, Inc.,* No. 85–2890 Sec. K(4).

*Sealift v. Val-Tex Coatings, Inc.,* No. 85–1847 Sec. C.

*Sheridan v. Salen Offshore Drilling Co., et al.,* No. 86–5515 Sec. H.

*Smedley v. Temple Drilling Company,* No. 84,512 Sec. D Mag. 4.

*Thornhill v. Magnum Marine Corporation,* No. 85–2034 Sec. L(6).

## STATE COURT SUITS

*First Circuit Court of Appeals*

*Backhus v. Transit Casualty Company, et al.,* No. 87–0842.

*15th Judicial District Court, Lafayette Parish*

*Trahan v. Broughton Offshore Drilling, Inc.,* No. 85–3710 Div. C.

*16th Judicial District Court*

*Boudreaux v. LeBlanc Welding & Construction, Inc.,* No. 74,020 Div. E (St. Mary Parish), on remand from Louisiana Supreme Court Nos. 88–C–0064, 88–C–0072 (La. Feb. 12, 1988) (per curiam).

*Johnson v. Quarles Drilling Corporation,* No. 75,759 (St. Mary Parish).

*Kelone v. Cardinal Wireline Specialists, Inc.,* No. 58,355 Div. G (Iberia Parish).

*Landry v. John E. Graham & Sons,* No. 75,716 Div. A (St. Mary Parish).

*19th Judicial District Court, East Baton Rouge Parish*

*Allied Shipyard, Inc. v. Louisiana Insurance Guaranty Association,* No. 325,176 Div. K.

*Cardinal Wireline Specialists, Inc. v. Louisiana Insurance Guaranty Association,* No. 306,706 Div. M.

*Delmar Systems v. Louisiana Insurance Guaranty Association,* No. 306, 483 Div. B.

*Hammers v. Louisiana Insurance Guaranty Association,* No. 324,545 Div. I.

*International Marine Terminals v. Louisiana Insurance Guaranty Association,* No. 309,962 Div. I.

*24th Judicial District Court, Jefferson Parish*

*Grear v. OTTO Candies, Inc.,* No. 296,142 Div. K.

*32nd Judicial District Court, Terrebonne Parish*

*Lambert v. Offshore Painting Contractors, Inc.,* No. 79,895 Div. A.

*Pellegrin v. Pressure Services, Inc.,* No. 80,077.

*Seay v. Houtech Energy, Inc.,* No. 80,180.

*38th Judicial District Court, Cameron Parish*

*Cain v. Magnum Marine, Inc.,* No. 10–10561.

*40th Judicial District Court, St. John the Baptist Parish*

*Heacock v. M/V Miss Kate,* No. 15,315.

*Civil District Court, Orleans Parish*

*Hale v. Land & Marine Applicators, Inc.,* No. 85–3984 Div. I.

*Oldham v. Touchard, Inc. & Chevron USA, Inc.,* No. 84–11562 Div. E.

*Richardson v. General Marine Catering Company,* No. 87–83.

*Suby v. Delmar Systems, Inc., et al.,* No. 85–16992.

*Toups v. Chevron USA, Inc., M/V Wager & ABR Company,* No. 85–10527 Div. D.