**Joseph Mike DESHOTELS, Plaintiff,**

v.

**SHRM CATERING SERVICES, INC.,
Defendant–Third–Party
Plaintiff–Appellee,**

v.

**The LOUISIANA INSURANCE GUARANTY ASSOCIATION, Third–Party
Defendant–Appellant.**

**No. 87–4798.**

United States Court of Appeals,
Fifth Circuit.

May 24, 1988.

Judith R. Atkinson, Thomas E. Balhoff, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for third-party defendant-appellant.

Thomas G. O'Brien, Edwin C. Laizer, Adams & Reese, New Orleans, La., for defendant-third-party plaintiff-appellee.

Alex D. Chapman, Jr., J. Wendel Fusilier, VillePlatte, La., for amicus curiae—Joseph Mike Deshotels.

Before GEE, RUBIN, and SMITH, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employer whose insurer became insolvent settled its employee's claim for work-related maritime injuries and sought reimbursement from the Louisiana Insurance Guaranty Association. The case raises an important and unsettled issue of Louisiana law concerning the Association's obligation to pay a claim brought for maritime-related injuries under a general workers' compensation policy with an endorsement for an employer engaging in maritime operations, and the same issue is raised in many other appeals pending before us and in a number of other cases pending in federal district courts and in state courts. The district court granted summary judgment for the employer. In our earlier opinion,[1] we decided to certify to the Louisiana Supreme Court the question whether the Association was liable.

In response to our direction,[2] the parties have submitted proposed statements of the case and a phrasing of the question for certification. We now certify the question stated below to the Louisiana Supreme Court. The parties' agreed statement of the facts, in which we concur, is as follows:

Joseph Mike Deshotels was a night cook employed by SHRM Catering Services, Inc., aboard the MR. DEMP, a jack-up rig operating in the Gulf of Mexico. On September 26, 1984, while working on the vessel, Deshotels became ill with cellulitis and had to be transported by crewboat to a hospital on land. He alleges that, while he was in a personnel basket being transferred to the crewboat, the crane operator lowering the basket dropped or slammed it to the deck of the crewboat from a height of about 10 feet. As a result, Deshotels contends, he suffered injuries to his cervical and lumbar regions that necessitated two surgical procedures.

In May 1985, Deshotels filed suit in federal district court against SHRM and Magnum–Marine Drilling Corporation, which owned the jack-up rig and employed the crane operator, for negligence under both general maritime law and the Jones Act.[3] In addition to general negligence claims under the Jones Act, he asserted a claim against SHRM for maintenance and cure and against Magnum–Marine for breach of its duty to maintain a seaworthy vessel.

At the time of the accident, SHRM was insured by a "Standard Workmen's Compensation and Employer's Liability Policy" issued by Transit Casualty Company, a Missouri insurer. The policy included a maritime endorsement that applied to "masters or members of the crews of vessels," noted that SHRM was engaged in offshore catering operations in Louisiana, and insured SHRM for its liability to provide transportation, wages, maintenance, and cure to an employee who had suffered bodily injury by accident or disease.

In December 1985, however, Transit was declared insolvent, and all Transit policies were cancelled, by order of the Missouri courts. SHRM then filed a third-party demand against the Louisiana Insurance Guaranty Association (LIGA) contending that its claims against LIGA were covered by the Insurance Guaranty Association Law, passed in 1970.[4] That law created LIGA as a non-profit, unincorporated entity to pay valid claims, up to statutory limits, in the event an insurer who was a member of the Association became insolvent.[5] The law provides that LIGA coverage "shall apply to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guaranty, and ocean marine insurance."[6] LIGA denied liability to SHRM, contending that Deshotels's claim involved "ocean marine insurance" to the extent it sought recovery under maritime laws for maritime-related injuries, such claims being risks normally and traditionally covered by "ocean marine insurance."

---

**1.** *Deshotels v. SHRM Catering Services, Inc.,* 842 F.2d 116, 117 (5th Cir.1988).

**2.** *Id.* at 121.

**3.** 46 U.S.C. § 688.

**4.** La.Rev.Stat.Ann. 22:1375–1394 (West 1978 & 1988 Supp.).

**5.** La.Rev.Stat.Ann. 22:1380, 1376.

**6.** La.Rev.Stat.Ann. 22:1377.

Magnum–Marine filed for bankruptcy in Texas, and all proceedings against it were stayed. Prior to trial, Deshotels settled his claim with SHRM for $75,000, so the case proceeded solely on SHRM's third-party demand against LIGA. SHRM filed a motion for summary judgment, which the parties agreed to convert to a submission for purposes of a final judgment. The parties filed briefs and submitted depositions, affidavits, and stipulated facts. The parties also agreed that LIGA would introduce testimony given in two other cases[7] by marine insurance industry experts concerning the meaning the industry generally attached to "ocean marine insurance."

The federal district court ruled that the policy was not "ocean marine insurance" and LIGA was therefore obligated to pay the amount of Deshotels's claim, as well as the expenses SHRM had incurred in the defending and prosecuting the action. The court noted that policies of this type had been figured in calculating the assessments that Transit would pay to LIGA and it would be "incongruous" to exclude this policy from the coverage provided by LIGA. The court therefore entered judgment awarding SHRM $75,000 for the amount it had paid Deshotels to settle his claim; $24,143.79 in maintenance and cure benefits it had paid him between December 1985 and August 1987; and $26,606.84 in attorney's fees it had incurred through July 31, 1987, in defense of Deshotels's claim and prosecution of its third-party demand. The court also ruled that SHRM would be entitled to attorney's fees, costs, and expenses it had incurred after July 31, 1987, these to be determined after the disposition of any appeal.

LIGA did not ask the district court to reconsider its judgment, but appealed to this court. Its appeal was consolidated with seven others raising identical or closely related issues, to await resolution by the Louisiana courts of the same question in a

state case, *Boudreaux v. LeBlanc Welding & Construction, Inc.* In October 1987, the Louisiana First Circuit Court of Appeals held in *Boudreaux* that a worker's compensation policy with a marine endorsement similar to the SHRM policy was not "ocean marine insurance" and LIGA therefore was liable.[8] In February 1988, however, the Louisiana Supreme Court vacated the decision and remanded "for trial on the merits and full development of the facts concerning liability, the lower courts thereafter to rule on questions and extent of coverage."[9]

We then proceeded with the appeal. We decided that the question whether the policy at issue was "ocean marine insurance" should be certified to the Louisiana Supreme Court, noting that the same issue is also presented in 51 cases pending in federal courts and in 22 cases pending in Louisiana state courts.[10] To present the Supreme Court with a single dispositive question, however, we first determined that should SHRM prevail on the coverage issue against LIGA, it would be entitled to $26,606.84 in attorney's fees, costs, and expenses incurred in the defense and prosecution of this claim through July 31, 1987, the amount to which the parties had stipulated, in addition to any attorney's fees, costs, or expenses it incurred thereafter in the district court or on appeal, these to be determined by the district court on remand.[11]

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII, LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

---

7. *Blair v. Sealift, Inc.,* CA 84–5367 (E.D.La.1986); *Sifers v. General Marine Catering Company,* CA 85–2374 (E.D.La.1986).

8. 515 So.2d 809 (La.App. 1st Cir.1987).

9. *Boudreaux v. LeBlanc Welding & Construction, Inc.,* 519 So.2d 771, 772 (La.1988) (per curiam).

10. *Deshotels,* 842 F.2d at 119.

11. *Id.* at 120–21.

## I. STYLE OF THE CASE

The style of the case in which certification is made is Joseph Mike Deshotels, Plaintiff, versus SHRM Catering Services, Inc., Defendant/Third–Party Plaintiff/Appellee, versus The Louisiana Insurance Guaranty Association, Third–Party Defendant/Appellant, Case No. 87–4798, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Louisiana.

## II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:

Does this claim for maritime-related injuries, brought on the Standard Workmen's Compensation and Employers' Liability policy with a marine endorsement, involve "ocean marine insurance" so as to be excluded, by virtue of La.R.S. 22:1377, from the coverage of the Insurance Guaranty Association Fund?

We disclaim any intention or desire that the Supreme Court of the State of Louisiana confine its reply to the precise form or scope of the question certified.

In answering this question, the Louisiana Supreme Court may also find helpful portions of the record in two other cases pending before this court, *Sifers v. General Marine Catering* [12] and *Blair v. Sealift, Inc.* [13] These portions involve expert testimony concerning the meaning that the marine insurance industry attaches to "ocean marine insurance." The Supreme Court may, of course, choose not to rely on any testimony concerning this question of statutory interpretation.

This court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative of the issue of the liability of LIGA in this case.

The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.

## APPENDIX

### FEDERAL COURT SUITS

*Fifth Circuit*

*Blair v. Sealift, Inc.,* No. 86–3760 (5th Cir.1986).

*Boudreaux v. Cardinal Wireline Specialists, Inc.,* No. 86–3811 (5th Cir.1986).

*Deshotels v. SHRM Catering Services, Inc.,* No. 87–4798 (5th Cir.1987).

*Green v. SHRM Catering, Inc., et al.,* No. 87–4387 (5th Cir.1987).

*Lafayette Crewboats, Inc. v. Louisiana Insurance Guaranty Association,* No. 87–3164 (5th Cir.1987).

*McDermott v. Louisiana Insurance Guaranty Association,* No. 86–3685 (5th Cir. 1986).

*Naples v. Brown & Root, Inc.,* No. 87–3606 (5th Cir.1987).

*Sifers v. General Marine Catering Company,* No. 86–3494 (5th Cir.1986).

*Western District of Louisiana*

*Aucoin v. Union Oil Company of California,* No. 85–1446 Sec. O (Laf./Opel.Div.).

*Beckley v. Houtech LTD. I Partnership,* No. 86–1032 Sec. M (Monroe Div.).

*Benoit v. Geophysical Services,* No. 84–0374 Sec. L (Laf./Opel.Div.).

*Boudreaux v. Teledyne Movible Offshore,* No. 84–2268.

*Breaux v. Houtech Energy, Inc.,* No. 85–2369 Sec. L (Laf./Opel.Div.).

*Campbell v. Union Oil Co. of California,* No. 84–0403 Sec. L (Laf./Opel.Div.)., *consolidated with Campbell v. Murphy's Lease and Welding Service, Inc.,* No. 84–0404 Sec. L (Laf./Opel.Div.).

*Carlin v. Teledyne Movible Offshore,* No. 84–2267.

---

**12.** No. 86–3494 (5th Cir.1986).

**13.** No. 86–3760 (5th Cir.1986).

*Cavelier v. Bruce Boat Rentals, Inc.,* No. 86–1762 Sec. O (Laf./Opel.Div.).

*Coe v. L & L Sandblasting, Inc.,* No. 85–1001 (L.C.Div.).

*Cole v. L & L Sandblasting, Inc.,* No. 85–2293 (Laf./Opel.Div.).

*Cox v. Magnum Marine, Inc.,* No. 85–2975 (Alex.Div.), *consolidated with Cox v. Louisiana Insurance Guaranty Association,* No. 86–1970 Sec. A (Alex.Div.).

*Everage v. Oceanic Butler, Inc.,* No. 87–0494 Sec. L (Laf./Opel.Div.).

*Hebert v. Delmar Offshore, Inc.,* No. 84–3173 Sec. L (Laf./Opel.Div.).

*Henry v. Houtech Energy, Inc., et al.,* No. 86–0267 Sec. O (Laf./Opel.Div.).

*Martin v. Harris Well Service, Inc.,* No. 86–3443 Sec. O.

*Temple Drilling Company, Tidelands Limited I, and Tidelands II v. Louisiana Insurance Guaranty Association,* No. 87–0775 Sec. L (Laf./Opel.Div.).

*Thornton v. Bengal Marine, Inc.,* No. 84–0548 Sec. O.

*Watson v. Houtech Energy, Inc.,* No. 85–2627 Sec. O.

*Wiltz v. Teledyne Movible Offshore, Inc.,* No. 84–2269.

*Middle District of Louisiana*

*Crawford & Company v. Temple Drilling Company,* No. 86–512 Sec. B.

*Eastern District of Louisiana*

*Belala v. Bailey Coke Transport, Inc.,* No. 85–5568 Sec. I.

*Joseph A. Bladsker, Jr. v. Compass Marine Propulsion, Inc.,* No. 86–4477 Sec. L(3).

*Boudwin v. Bruce Boat Rentals, Inc.,* No. 85–2611 Sec. I(6).

*Cody v. Keyes Offshore, Inc.,* No. 85–451 Sec. G(6).

*Daniel J. DeBlanc v. A.J. St. Pierre,* No. 84–2081 Sec. G.

*Delape v. Service Machine Group, Inc.,* No. 85–0405 Sec. B(3).

*Dominick v. Houtech Inland Well Service, Inc.,* No. 85–3893 Sec. I.

*Doyle v. In Foods International,* No. 85–4122 Sec. I(1).

*Duplantis v. Latex Gulf Drilling Co.,* No. 86–0143 Sec. E(4).

*Fuller v. Houtech Energy, Inc.,* No. 85–3506 Sec. D(6).

*George v. Bailey Coke Transport, Inc.,* No. 86–1494 Sec. M(1).

*Hale v. Durward Dunn, Inc.,* No. 84–5888 Sec. M(6).

*Harrison v. General Marine Catering Co.,* No. 86–1577 Sec. E(1).

*Lyons v. Bruce Boat Rentals, Inc.,* No. 87–0571 Sec. K(6).

*McLemore v. Bailey Coke Transport, Inc.,* No. 86–0408 Sec. G(5).

*Nageley v. E & D Oilfield Services, Inc.,* No. 85–1468 Sec. E(6).

*Natural Gas Pipeline Company of America v. Odom Offshore Surveys, Inc., et al.,* No. 84–2451 Sec. L(3).

*Percle v. Indian Marine, Inc.,* No. 84–5332 Sec. L(2).

*Rutherford v. Nordrill, Inc.,* No. 85–2890 Sec. K(4).

*Sealift v. Val–Tex Coatings, Inc.,* No. 85–1847 Sec. C.

*Sheridan v. Salen Offshore Drilling Co., et al.,* No. 86–5515 Sec. H.

*Smedley v. Temple Drilling Company,* No. 84–512 Sec. D Mag. 4.

*Thornhill v. Magnum Marine Corporation,* No. 85–2034 Sec. L(6).

## STATE COURT SUITS

*First Circuit Court of Appeals*

*Backhus v. Transit Casualty Company, et al.,* No. 87–0842.

*15th Judicial District Court, Lafayette Parish*

*Trahan v. Broughton Offshore Drilling, Inc.,* No. 85–3710 Div. C.

*16th Judicial District Court*

Boudreaux v. LeBlanc Welding & Construction, Inc., No. 74,020 Div. E (St. Mary Parish), on remand from Louisiana Supreme Court Nos. 88–C–0064, 88–C–0072 (La. Feb. 12, 1988) (per curiam).

Johnson v. Quarles Drilling Corporation, No. 75,759 (St. Mary Parish).

Kelone v. Cardinal Wireline Specialists, Inc., No. 58,355 Div. G (Iberia Parish).

Landry v. John E. Graham & Sons, No. 75,716 Div. A (St. Mary Parish).

*19th Judicial District Court, East Baton Rouge Parish*

Allied Shipyard, Inc. v. Louisiana Insurance Guaranty Association, No. 325,176 Div. K.

Cardinal Wireline Specialists, Inc. v. Louisiana Insurance Guaranty Association, No. 306,706 Div. M.

Delmar Systems v. Louisiana Insurance Guaranty Association, No. 306, 483 Div. B.

Hammers v. Louisiana Insurance Guaranty Association, No. 324,545 Div. I.

International Marine Terminals v. Louisiana Insurance Guaranty Association, No. 309,962 Div. I.

*24th Judicial District Court, Jefferson Parish*

Grear v. OTTO Candies, Inc., No. 296,142 Div. K.

*32nd Judicial District Court, Terrebonne Parish*

Lambert v. Offshore Painting Contractors, Inc., No. 79,895 Div. A.

Pellegrin v. Pressure Services, Inc., No. 80,077.

Seay v. Houtech Energy, Inc., No. 80,180.

*38th Judicial District Court, Cameron Parish*

Cain v. Magnum Marine, Inc., No. 10–10561.

*40th Judicial District Court, St. John the Baptist Parish*

Heacock v. M/V Miss Kate, No. 15,315.

*Civil District Court, Orleans Parish*

Hale v. Land & Marine Applicators, Inc., No. 85–3984 Div. I.

Oldham v. Touchard, Inc. & Chevron USA, Inc., No. 84–11562 Div. E.

Richardson v. General Marine Catering Company, No. 87–83.

Suby v. Delmar Systems, Inc., et al., No. 85–16992.

Toups v. Chevron USA, Inc., M/V Wager & ABR Company, No. 85–10527 Div. D.