Elsie A. DOMINICK, et al.

v.

HOUTECH INLAND WELL SERVICE, INC., et al.

Civ. A. No. 85–3893–I.

United States District Court, E.D. Louisiana.

June 9, 1989.

---

Perrin C. Butler, Metairie, La., for plaintiffs.

Judith R. Atkinson, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

This case is before the Court on cross-motions for summary judgment brought on behalf of plaintiff, William Smith, and defendant, Louisiana Insurance Guaranty Association (LIGA). Plaintiffs, Elsie Dominick, wife of/and William Smith, filed this suit on August 27, 1985 against Houtech Inland Well Service, Inc. and Houtech Energy, Inc. (Houtech) pursuant to the Jones Act and the General Maritime Law to recover for injuries sustained by William Smith on June 18, 1985 while in the employ of Houtech.

In June of 1986, plaintiffs amended their complaint to name LIGA as an additional defendant. Plaintiffs alleged that Houtech had been insured by Midland Insurance Company (Midland) and that as Midland had become insolvent, LIGA was responsible for the claims of the plaintiffs against Houtech. The Court severed and stayed the claims of the plaintiffs against LIGA, and the case proceeded to trial against Houtech before a jury on July 7, 1986. During the trial, Houtech filed for bankruptcy in the Southern District of Texas. On July 9, 1986, the United States Bankruptcy Judge lifted the automatic stay insofar as allowing the trial to proceed to judgment, but reserving execution of the judgment to the bankruptcy court.

On July 10, 1986, the jury returned a verdict in favor of plaintiff, William Smith, and against Houtech for a total of $490,-000.00, which was reduced by fifty percent for plaintiff's own negligence. The jury further found that Rig No. 17 was not unseaworthy and therefore, the claims of Elsie Dominick were dismissed. Judgment was entered on October 6, 1986. An amended judgment was entered on March 31, 1987 in favor of William Smith and against Houtech in the amount of $245,-000.00 plus interest from the date of entry of judgment at the rate of 5.63%, and for maintenance at the rate of $23.00 per day from March 7, 1986, until October 2, 1986, less a credit of $855.00 (reflecting maintenance paid from April 3, 1986 through June 30, 1986, at the rate of $15.00 per diem) with interest on each payment at the rate of 5.63%.

Pursuant to La.R.S. 22:1386(2), the non-duplication of recovery section of the LIGA statute, Smith initially pursued his claim against Midland in the State of Texas, the domicile of its insureds.[1] On January 7, 1987, Smith received $100,000.00 from the Texas Insurance Guaranty Association (TIGA), the full amount recoverable from that Association.

Smith seeks to recover the unpaid balance of the judgment in his favor against LIGA as a result of the bankruptcy of Houtech and the insolvency of Midland. LIGA denies responsibility for the judgment contending that Smith's claims were covered by a solvent insurance carrier, United States Fire Insurance Company, that there was no Midland policy in effect at the time of Smith's accident, that even if it were in effect, it did not provide coverage, and that there is no coverage under the LIGA statute because it exempts "ocean marine insurance". LIGA alternatively contends that if there is coverage, it should be credited $100,000.00 against its

---

1. La.R.S. 22:1386(2) provides:

Any person having a claim which may be recovered under more than one insurance guaranty association or its equivalent shall seek recovery first from the association of the place of residence of the insured except that if it is a first party claim for damage to property with a permanent location, he shall seek recovery first from the association of the location of the property, and if it is a worker's compensation claim, he shall seek recovery first from the association of the residence of the claimant. Any recovery under this part shall be reduced by the amount of the recovery from any other insurance guaranty association or its equivalent.

maximum statutory limits of $149,900.00 for the amount Smith collected from TIGA and that it should be credited $50,000.00 for the deductible under Midland's policy.

Smith produced a "Workers Compensation and Employers Liability Insurance Policy" No. WC784604 covering Houtech for the period November 1, 1984 to November 1, 1985. Smith's accident occurred during the policy period on June 18, 1985. LIGA has produced no evidence to show that policy No. WC784604 was not in effect at the time of Smith's accident.

■ The policy includes a Marine Coverage Endorsement providing up to $500,000.00 for "bodily injury to a ... member of the crew of a vessel," but excluding coverage for Houtech's "duty to provide transportation, wages, and maintenance and cure." As the policy excludes coverage for maintenance and cure, LIGA has no liability for any portion of the judgment relating to maintenance and cure. However, the coverage exclusion for "wages" does not apply to the general award of $245,000.00, even though the award may include an amount for past and/or future wages. The exclusion is for *duties* owed by the employer to the seaman, as opposed to liabilities. The duty to provide transportation and the duty to provide maintenance and cure are statutory obligations unrelated to liability for fault. Giving the policy a plain reading, the term "wages" must also refer to the employer's statutory obligation to provide a seaman's wages, rather than any liability under the Jones Act for damages arising out of bodily injury.

■ LIGA contends that it has no liability because a solvent insurance carrier, United States Fire Insurance Company (USFIC), provides primary coverage for the plaintiffs' claims against Houtech under a Protection and Indemnity Policy No. 84–0057 issued to Houtech for the period November 1, 1984 to November 1, 1985. Review of the USFIC policy shows that it is not a primary policy, but an excess policy. USFIC's policy provides that:

Underwriters hereon shall only be liable for the excess of either:

(a) The amount(s) of the limit(s) set out in the underlying insurances identified in the attached Schedule ..., or

(b) $25,000. Ultimate Net Loss in respect of each occurrence not covered by said underlying insurances....

Midland's Employers' Liability insurance is listed in the schedule of underlying insurance attached to USFIC's policy. Thus, USFIC's policy would provide coverage for Smith's accident only to the extent that damages were in excess of $500,000.00. There is no contractual provision that the underlying insurance be collectible in order to be included in the calculation of the limits of the excess policy. USFIC's policy does not drop down in place of the policy issued by Midland. *See Paul Pittman v. Hou–Tech Energy, Inc., et al.,* Civil Action No. 85–5764 "I" (E.D.La. April 19, 1989) (Judge Mentz held that USFIC's policy No. 84–0057 provides coverage in excess of the coverage provided by the underlying policy and does not drop down when the underlying insurer is insolvent); *Transco Exploration Co. v. Pacific Employers Insurance Company,* 869 F.2d 862 (5th Cir.1989).

There are several cases pending in the Fifth Circuit Court of Appeals in which LIGA argued, as it does here, that the "ocean marine insurance" exclusion in the LIGA statute precludes coverage of Jones Act and General Maritime Law claims made against a workmen's compensation and employers' liability policy. In the district courts, the rulings were diverse, some in favor of and some against LIGA. The issue recently was resolved by the Louisiana Supreme Court on certification from the Fifth Circuit. *See Deshotels v. SHRM Catering Services, Inc.,* 538 So.2d 988 (La. 1989). The Fifth Circuit certified the following question to the Louisiana Supreme Court:

Does this claim for maritime-related injuries, brought on the Standard Workmen's Compensation and Employers' Liability policy with a marine endorsement, involve "ocean marine insurance" so as to be excluded, by virtue of La.R.S. 22:1377, from the coverage of the Insurance Guaranty Association Fund?

*Deshotels v. SHRM Catering Services, Inc.*, 845 F.2d 582, 585 (5th Cir.1988). The Supreme Court answered:

> This claim for maritime-related injuries, brought on a Standard Workmen's Compensation and Employers' Liability policy with a marine endorsement, does not involve "ocean marine insurance" and is not excluded from the coverage of the Insurance Guaranty Association Fund by LSA–R.S. 22:1377.

*Deshotels*, 538 So.2d at 993. Accordingly, the statutory exclusion for "ocean marine insurance" does not apply in the case at bar.

■ With respect to LIGA's argument that the $100,000.00 Smith received from TIGA should be credited against the $149,900.00 limit of its responsibility as opposed to the amount of the judgment, La.R.S. 22:1386(2) provides that "[a]ny recovery under this Part shall be reduced by the amount of recovery from any other insurance guaranty association or its equivalent." The purpose of this provision is to prevent a duplication of recovery. *Hickerson v. Protective National Insurance Company of Omaha*, 383 So.2d 377, 379 (La.1980). It makes no difference for purposes of preventing duplication of recovery whether the $100,000.00 is credited against the judgment or LIGA's statutory maximum liability. In neither situation will there be a double recovery as long as Smith's recovery is reduced by the amount he received from TIGA. However, a decision that the credit should be against LIGA's statutory limit would give the claimant less recovery than if the credit were applied to the amount of the judgment. Such a decision would not be consistent with the LIGA's stated purpose, which is to "avoid financial loss to claimants or policyholders because of the insolvency of an insurer." *See* La.R.S. 22:1376. "The provisions of the Insurance Guaranty Association Act must be interpreted to pro-

tect claimants and policyholders and to advance their interests rather than the interests of the association." *Senac v. Sandefer*, 418 So.2d 543, 546 (La.1982). Accordingly, the Court finds that the requirement of La.R.S. 22:1386(2) that "any recovery under this Part be reduced by the amount of recovery from any other insurance guaranty association" will be satisfied by crediting the amount Smith received from TIGA against the $245,000.00 judgment.

LIGA is also entitled to a $50,000.00 credit representing the amount of the deductible on Midland's policy. Smith does not contest that LIGA stands in the shoes of the insolvent insurer and therefore, has the right to avail itself of the deductible in the policy. La.R.S. 22:1382(1)(a) and (b)[2].

In sum, LIGA's liability to Smith is calculated as follows:

(1) Judgment ...............$245,000.00
(2) Less recovery from TIGA 100,000.00
(3) Less the deductible on
Midland's policy ......... 50,000.00

BALANCE: 95,000.00

Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is GRANTED IN PART. Judgment shall be entered in favor of plaintiff, William F. Smith, and against defendant, the Louisiana Insurance Guaranty Association, in the amount of ninety-five thousand dollars ($95,000.00), plus interest at the rate of 5.63% from October 6, 1986, the date of entry of the Court's original Judgment against defendants, Houtech Inland Well Service, Inc. and Houtech Energy, Inc.

---

**2.** La.R.S. 22:1382(1)(a) and (b) provide:
(1) The association shall:
(a) ... In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises.

(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.